## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE M. SMITH,

   Appellant,

  v.

DEPARTMENT OF THE NAVY,

   Agency.

DOCKET NUMBER
DC-0752-20-0166-I-1

DATE:  October 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hunter Griffin, Esquire, and Morgan Velasquez, Esquire, Dallas, Texas,
 for the appellant.

Roburt C. Yale, Washington Navy Yard, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action based on the following charges: (1) lack of candor; (2) failure to follow instructions or policy; (3) altering an official Government document; and (4) attempting to have an official Government

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

document destroyed and/or concealed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the legal standards applicable to the appellant's claims of disparate treatment disability discrimination and reprisal for prior protected equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

The appellant's arguments do not provide a basis to disturb the initial decision.

The appellant challenges the administrative judge's conclusion that the agency proved the charges alleged. Petition for Review (PFR) File, Tab 4 at 8-22. We have considered the appellant's assertions; however, we discern no basis to disturb the administrative judge's reasoned conclusion that the agency proved all specifications of its four charges by preponderant evidence. Initial Appeal File (IAF), Tab 51, Initial Decision (ID) at 3-18; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant contends that she "was represented by ineffective counsel" before the administrative judge. PFR File, Tab 4 at 30. To this end, she asserts that her former counsel withdrew a potential witness, J.H., "without reason and without [her] consent." *Id.*; IAF, Tab 21 at 9. This assertion, however, does not provide a basis to disturb the initial decision. Indeed, the Board has routinely held that appellants are responsible for the actions and inactions of their chosen representatives. *See, e.g.*, *Sparks v. U.S. Postal Service*, 32 M.S.P.R. 422, 425 (1987).

The appellant argues that the administrative judge made a series of erroneous rulings regarding witnesses. PFR File, Tab 4 at 29-30. She avers that the administrative judge "failed to allow and compel" the testimony of three witnesses, C.H., R.J., and C.M.,[2] *id.*, and should have procured a translator for a fourth witness, E.P., *id.* at 30. We disagree. The administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the appellant must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); *see Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (explaining that an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony he believes would be irrelevant or immaterial).

Here, insofar as the appellant failed to timely request C.H. as a witness prior to the hearing, her assertions regarding C.H. on review are necessarily

---

[2] Although the appellant initially identifies four witnesses who "the [administrative judge] failed to allow and compel," PFR File, Tab 4 at 29, she subsequently acknowledges that her counsel withdrew her request for J.H., one of these four witnesses, *id.* at 30; IAF, Tab 21 at 9.

unavailing. IAF, Tab 19 at 9-13; *see Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984) (reasoning that an appellant was not deprived of the right to question a witness when he could have requested and/or subpoenaed the witness but failed to do so). Next, we discern no basis to disturb the administrative judge's conclusion that the proffered testimony of R.J. was duplicative. IAF, Tab 19 at 10-11, Tab 21 at 9; *see Thomas*, 116 M.S.P.R. 453, ¶ 4. Moreover, to the extent that the appellant believed that the testimony of R.J. was material to her appeal, she could have objected to the administrative judge's prehearing ruling regarding the witness; however, she did not. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (explaining that the appellant's failure to timely object to rulings on witnesses precludes her from doing so on petition for review).

Regarding C.M., the record reflects that, despite the administrative judge's issuance of a subpoena for C.M.'s appearance at the hearing, she did not present herself. IAF, Tab 40 at 1, Tab 41 at 1-2, Tab 48, Hearing Recording (HR) at 0:00:50 to 00:01:07 (statement of the administrative judge). Following C.M.'s nonappearance, the appellant indicated to the administrative judge that she did not wish to pursue enforcement of the subpoena; rather, she wished to proceed with closing arguments. HR at 00:01:19 to 00:2:17 (statements of the administrative judge, the appellant's representative, and the appellant). Thus, the appellant's assertions regarding C.M. do not compel a different outcome. *See Daniels v. U.S. Postal Service*, 57 M.S.P.R. 272, 282 (1993) (explaining that the appellant cannot wait until after the adjudication is complete to object to the conduct of the proceedings). Moreover, apart from generalized assertions that the testimony of the three aforementioned witnesses "could have corroborated" other unspecified testimony, the appellant does not explain how the testimony of C.H., R.J., or C.M. would have changed the outcome of her appeal. PFR File, Tab 4 at 30; *see Sanders*, 114 M.S.P.R. 487, ¶ 10. Finally, insofar as the appellant did not timely request a translator for E.P. before the administrative judge, she is

precluded from doing so on review. IAF, Tab 19 at 11; *see Daniels*, 57 M.S.P.R. at 282. Thus, the appellant's assertions regarding witnesses do not warrant a different outcome.

The appellant avers that the administrative judge failed to "properly assess" the reasonableness of the agency's penalty. PFR File, Tab 4 at 22. To this end, she alleges that the administrative judge "erred in finding that removal of removal (sic) was the only reasonable penalty." *Id*. at 23. She also alleges that the deciding official failed to consider all of the *Douglas* factors.[3] *Id*. at 23-24.

When the agency's charges are sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised discretion within tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Ellis*, 114 M.S.P.R. 407, ¶ 11; *Douglas*, 5 M.S.P.R. at 306. The Board will modify an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Ellis*, 114 M.S.P.R. 407, ¶ 11.

Here, the administrative judge applied the proper legal standard and concluded that the agency's selected penalty of removal was not unwarranted

---

[3] The appellant also conflates the administrative judge's conclusion regarding the agency's penalty determination with his determination regarding nexus, and she seemingly argues that her removal was unreasonable because the agency failed to satisfy the nexus requirement regarding its charge of failure to follow instructions or policy. PFR File, Tab 4 at 23-24. We find this assertion both misplaced and unavailing. *See Blevins v. Department of the Army*, 26 M.S.P.R. 101, 104 (1985) (explaining that failure to follow instructions affects an agency's ability to carry out its mission and is clearly connected to the efficiency of the service), *aff'd*, 790 F.2d 95 (Fed. Cir. 1986) (Table).

under the circumstances and was within the tolerable bounds of reasonableness.[4] ID at 18-20; *see Ellis*, 114 M.S.P.R. 407, ¶ 11. To this end, the administrative judge reasoned that the deciding official "gave full consideration to the *Douglas* factors." ID at 19; *see Douglas*, 5 M.S.P.R. at 305-06. Indeed, the record reflects that the deciding official thoroughly considered both relevant aggravating factors, including the seriousness of the appellant's offenses and her past disciplinary record, and mitigating factors, including the appellant's approximately 30 years of Federal service and adequate performance evaluations. IAF, Tab 11 at 32-34. Thus, we discern no shortcomings with the agency's weighing of the *Douglas* factors, and we agree with the administrative judge's conclusion that the appellant's removal did not clearly exceed the bounds of reasonableness. ID at 18-20; *see Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 26 (2009) (stating that the Board has found removal to be appropriate when an employee has demonstrated a lack of candor and has taken unauthorized absences); *see also Jones v. Department of Justice*, 98 M.S.P.R. 86, ¶ 21 (2004) (explaining that a charge of failure to follow instructions may be sufficient cause for removal).

The appellant argues that she proved her affirmative defense of disability discrimination insofar as the agency failed to provide her with a reasonable accommodation. PFR File, Tab 4 at 26-28. To this end, she avers that the administrative judge erroneously faulted her for requesting a reasonable accommodation from her supervisor instead of from the agency's EEO office. *Id.* at 27. We find this assertion unavailing. Here, the initial decision is devoid of any indication that the administrative judge faulted the appellant for failing to request a reasonable accommodation with the agency's EEO office. Instead, the administrative judge acknowledged that the appellant had contacted the agency's EEO office regarding her accommodation request; however, after an EEO

---

[4] The administrative judge did not, as the appellant alleges, conclude that removal was "the only reasonable penalty," PFR File, Tab 4 at 23; rather, he explained that the deciding official, after reviewing the pertinent information, had "concluded that removal was the only penalty that was reasonable and appropriate," ID at 19.

specialist informed the appellant of the next steps that she should take in the accommodation process, she failed to respond. ID at 22; IAF, Tab 15 at 42-46. Indeed, as set forth in the initial decision, the appellant acknowledged at the hearing that she "didn't submit anything" to the agency's EEO office. ID at 22. Thus, we discern no basis to disturb the administrative judge's conclusion that the agency did not violate its duty to provide a reasonable accommodation. *See White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 12 (2013) (explaining that when an employee fails to respond to the employer's reasonable request for medical information or documentation, an agency will not be found to have violated its duty to provide a reasonable accommodation).

The appellant reasserts her affirmative defense of harmful procedural error/ violation of her due process rights; specifically, she contends that she "did not have an opportunity to rebut" findings made by the agency's Office of the Inspector General (OIG).[5] PFR File, Tab 4 at 29. This assertion, however, does not provide a basis to disturb the initial decision. Here, the agency's notice of proposed removal provided the appellant with both notice of the charges against her, IAF, Tab 11 at 40-42, and all of the evidence on which it had relied, including the OIG's Report of Investigation, IAF, Tab 10 at 155-73, Tab 11 at 38. Indeed, the appellant provided a written response thereto. IAF, Tab 11 at 50-54; *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546-48 (1985) (explaining that the essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, with an explanation of the evidence, and an opportunity for the employee to present his account of events prior to the deprivation of his property right to continued employment). Moreover, the agency here complied with all of the procedural

---

[5] The initial decision did not clearly distinguish the appellant's constitutional right to procedural due process from the procedural protections provided by statute under 5 U.S.C. § 7513, and on review, it is unclear whether the appellant is alleging a violation of one or both sets of rights. ID at 23-24; PFR File, Tab 4 at 28-29. However, the appellant's arguments are unavailing under either avenue.

requirements set forth in 5 U.S.C. § 7513(b).[6] *See King v. Alston*, 75 F.3d 657, 661 (Fed. Cir. 1996) (explaining that compliance with the procedures of 5 U.S.C. § 7513(b) satisfies the minimum due process requirements to which an employee is entitled). Thus, we discern no basis to disturb the initial decision.

<u>We modify the initial decision to clarify the legal standards applicable to the appellant's claims of disparate treatment disability discrimination and reprisal for prior protected EEO activity.</u>

The appellant does not discernably challenge the administrative judge's conclusion that she failed to prove her affirmative defense of disparate treatment disability discrimination. However, we make the following observations about the claim and recent case precedent. The administrative judge indicated that the appellant had the initial burden of proving by preponderant evidence that her disability was a motivating factor in the removal action and, if she met that burden, the burden would shift to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the improper motive. ID at 22-23 (citing, *e.g.*, *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 23 (2013)). However, the Board in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, 42, clarified that the standards and methods of proof applicable to Title VII claims are also applicable to status-based disability discrimination claims. An appellant raising an

---

[6] Section 7513(b) provides:

An employee against whom an action is proposed is entitled to-

> (1) at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action;

> (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;

> (3) be represented by an attorney or other representative; and

> (4) a written decision and the specific reasons therefor at the earliest practicable date.

affirmative defense of disparate treatment under Title VII bears the burden of proving by preponderant evidence that the prohibited consideration was a motivating factor in the agency's action or decision. *Id.*, ¶¶ 20-22. However, to obtain full relief under the statute, including status quo ante relief, she must show that the discrimination was a but-for cause of the contested action or decision. *Id.* Although the administrative judge did not have the benefit of *Pridgen*, we find that the result of the appellant's disparate treatment disability claim is the same under *Pridgen*. The appellant failed to prove that her disability was a motivating factor in her removal, and therefore, her claim fails.

As to the appellant's EEO retaliation claim, *Pridgen* clarified that in reprisal claims arising under the Rehabilitation Act, such as reprisal for requesting a reasonable accommodation, the appellant bears the burden of proving but-for causation. Here, however, insofar as we agree with the administrative judge's conclusion that the appellant failed to produce any evidence apart from her bare assertions to support her claim of EEO reprisal, ID at 23, the appellant's claim necessarily fails under any articulated legal framework, *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 9 (2016).

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board
Washington, D.C.